UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CR-828 HEA |
| | ) | |
| CHARLES PEOPLES, JR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the Report and Recommendation of Magistrate Judge Shirley Padmore Mensah, addressing Defendant Peoples' Motions to Suppress [Doc. No.'s 31 and 60]. On July 29, 2020, an evidentiary hearing was held. In her November 19, 2020 Report and Recommendation, Judge Mensah recommended that the Defendant's motions be denied. Defendant has filed a written objection to this recommendation. For the reasons set forth below, the Court adopts Judge Mensah's recommendation.

## LEGAL STANDARD

When a party objects to the magistrate judge's report and recommendation, the Court must conduct a *de novo* review of the portions of the report, findings, or recommendations to which the party objected. See *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)(A)). Where it has been

shown that the magistrate judge's order is clearly erroneous or contrary to law, the Court may reconsider the matter. 28 U.S.C. §636(b)(1)(A). Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court reviews the findings of the magistrate *de novo.* The Court has reviewed the entire record for this purpose.

## BACKGROUND

In her Report and Recommendation, Judge Mensah found that the evidence and statements derived from the traffic stop of Defendant and subsequent search of his vehicle should not be suppressed because (1) Detective Fincher did not violate Defendant's Fourth Amendment rights by ordering him to get out of the vehicle during the traffic stop; (2) Det. Fincher's "visual sweep" of the driver's side interior of the vehicle was lawful and Judge Mensah credited Det. Fincher's testimony that it was immediately apparent to him that the prescription bottle contained illicit drugs; and, (3) the discovery of crack cocaine in the passenger compartment of the vehicle provided Det. Fincher with probable cause to search of the vehicle's trunk.

Generally, Defendant objects to the Report and Recommendation on the grounds that Judge Mensah's "conclusions of law were in error and largely based on erroneous and unsupported conclusions of fact." Specifically, Defendant argues that not only did Det. Fincher not have a reasonable suspicion to order Defendant out of the vehicle for officer safety but also that Supreme Court and Eighth Circuit

precedent allowing for removal of a suspect during a traffic stop for any reason is unconstitutional, that Det. Fincher's testimony that the incriminating nature of the pill bottle and its contents were readily apparent is incredible and unsupported by evidentiary exhibits, and that discovery of drugs in the passenger compartment of the vehicle did not provide probable cause to search the trunk of the vehicle.

## DISCUSSION

I.     Ordering Defendant out of the car during a traffic stop

Defendant objects to Judge Mensah's conclusion that Det. Fincher did not violate Defendant's Fourth Amendment rights by ordering Defendant to exit the vehicle during the traffic stop. In overruling this objection, this Court first notes that it is clear under Supreme Court and Eighth Circuit precedent "that once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures." *Pennsylvania v. Mimms*, 434 U.S. 106, 111 n. 6 (1977); *see also Schoettle v. Jefferson Cty.*, 788 F.3d 855, 859 (8th Cir. 2015) ("[W]hen an officer is conducting an investigative traffic stop based upon reasonable suspicion, he may order a passenger to exit the vehicle.") (citing *United States v. Phillips,* 679 F.3d 995, 998 (8th Cir. 2012)). Defendant does not dispute that Det. Fincher had probable cause to believe Defendant had committed the traffic violations of running a stop sign and driving

with illegal windshield tint. Therefore, under *Mimms* and others, Defendant's objection must be overruled.

Judge Mensah further addressed Defendant's contentions that *Mimms* was "imprudently decided" and that unless Det. Fincher had a reasonable suspicion to fear for officer safety, he violated Defendant's Fourth Amendment rights when he ordered Defendant out of the vehicle by impermissibly extended the traffic stop. To that end, Defendant argues that Det. Fincher's concern about the backseat drink spill in Defendant's vehicle "seems to be the very definition of an inarticulate hunch." However, in her Report and Recommendation, Judge Mensah properly examined all of the circumstances to determine the reasonableness of Det. Fincher's removal of Defendant from the vehicle, *Maryland v. Wilson*, 519 U.S. 408, 411 (1997) (" '[T]he touchstone of our analysis under the Fourth Amendment is always 'the reasonableness in all the circumstances of the particular governmental invasion of a citizen's personal security.' " [*Mimms*,] 434 U.S., at 108-109), determining that Det. Fincher's order was not unreasonable given the prevalence of drug trafficking and illegal weapons in the area, Defendant's delay in pulling over, Defendant's heightened nervousness and irregular breathing, and Det. Fincher's belief that Defendant was fabricating a story about spilling a drink in the back seat to distract Fincher or as an excuse for reaching in the backseat of the car.

As discussed in the Report and Recommendation, well settled precedent allows for the removal of persons from a vehicle that has been legally stopped by law enforcement. Further, the Court agrees with Judge Mensah's conclusion that *if* reasonable suspicion is necessary under the Fourth Amendment to order a person out of their vehicle during a legal traffic stop, Detective Fincher had reasonable suspicion to do so, based on all of the circumstances. Defendant's first objection is overruled.

II.   Seizure of Prescription Pill Bottle

For his second objection, Defendant argues that Judge Mensah erred in crediting Det. Fincher's testimony that the incriminating contents of the prescription pill bottle were in plain view and immediately apparent to him, and states that Det. Fincher's testimony on the subject was "plainly incredible." Defendant also contends that that government did not fully comply with Judge Mensah's order to supplement the evidentiary record with photographs of the prescription bottle "as it would have looked like when it contained all its contents and where and how the pill bottle was situated in the door pocket at the time it was observed by Det. Fincher," because the placement of the bottle in the door pocket was not supported by testimony, the angles from which the photos were taken were not supported by testimony, and the baggie containing the rock of crack cocaine was pictured inside another baggie that had an evidence label affixed to it.

Defendant argues that because of these evidentiary flaws, the legal and factual conclusions in the Report and Recommendation are unsupported and erroneous.

Having completed a thorough *de novo* review of the record, the Court concludes that Det. Fincher's testimony regarding his view of the contents of the prescription pill bottle during the traffic stop is credible. Contrary to Defendant's assertions, Det. Fincher testified as to the placement and orientation of the bottle when he saw it during the traffic stop. He also provided detailed testimony about where he was standing at the time – "at the B pillar, so right where -- basically, where your door latches to your car frame." Several photos submitted by the government after the hearing are clearly taken from that vantage point. Also, in the written supplement to the post-hearing photographs, Det. Fincher expressly states that he "placed the prescription bottle in the driver`s door pocket of the Infiniti, where the bottle was originally located in the original incident." The presence of the evidence label inside the pill bottle in the post-hearing photographs does nothing to change the Court's finding that Det. Fincher's testimony that he saw pills and a plastic baggie with a white rock-like substance within the transparent, label-less pill bottle is entirely credible.

Defendant does not specifically object to Judge Mensah's analysis and recommendation beyond her credibility finding regarding Det. Fincher's testimony. In her analysis, Judge Mensah aptly set forth the applicable law

regarding plain-view doctrine and correctly concluded that Det. Fincher legally seized the prescription pill bottle from the door pocket of the vehicle.

The Court also agrees with Judge Mensah's conclusion that Det. Fincher's visual sweep of the passenger compartment of the vehicle is lawful under *Michigan v. Long*, 463 U.S. 1032 (1983), in that Det. Fincher could lawfully perform a protective sweep of the vehicle for officer safety because he had a reasonable suspicion that Defendant was armed and dangerous. (This reasonable suspicion is discussed in detail in Judge Mensah's Report and Recommendation and *supra*, in section I of this Opinion, Memorandum and Order.)

Having credited Det. Fincher's testimony after thorough review of the record and upon application of well-settled Supreme Court and Eighth Circuit precedent pertaining to plain view seizures and protective sweeps of automobiles to the facts of this case, the Court overrules Defendant's second objection.

III.   Search of the Vehicle's Trunk

For his third objection, Defendant contends that the discovery of illicit drugs in the prescription pill bottled did not provide Det. Fincher with probable cause to search the trunk of the vehicle. Defendant argues that "the government must identify how the contraband in the passenger compartment justifies a search of the trunk."

In her Report and Recommendation, Judge Mensah fully and accurately rejected Defendant's argument that the discovery of a personal-use amount of illicit drugs in the passenger compartment of a vehicle does not justify a search of a vehicle's trunk. In doing so, Judge Mensah cited numerous Eighth Circuit cases standing for the "automobile exception" as extending to not only the passenger compartment but also the trunk of a vehicle.

Moreover, Defendant's attempt to distinguish *United States v. Neumann*, 183 F.3d 753, 755 (8th Cir. 1999) is unavailing. Defendant argues that the police officer in *Neumann* were only permitted to search the bed of the truck because the smell of burnt marijuana "provided probabl[e] cause to believe that marijuana had been used in the vehicle and that there would thus be marijuana found within it in some location." It does not follow that this case is distinguishable – in fact, even after the officer in *Neumann* located personal-use marijuana in the passenger compartment of the vehicle, the officer still had probable cause to search the truck bed for other evidence of drugs and drug activity. The same principle applies here: Det. Fincher located personal-use crack cocaine in the passenger compartment, giving him probable cause to search the entire vehicle for drugs. *See Id.* at 756. Defendant's objection regarding the search of the trunk is overruled.

**Conclusion**

Judge Mensah's conclusions that the Defendant's Fourth Amendment rights were not violated when he was ordered from the car, by the seizure of the pill bottle, and by the search of the trunk, are based on sound legal analysis. It follows that suppression of evidence is not warranted. The Court agrees with Judge Mensah's conclusions in their entirety. The Recommendation is adopted *in toto*.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motions to Suppress [Doc. No.'s 31 and 60], are **DENIED**.

Dated this 20th day of January, 2021.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE